## Addendum to Civil Cover Sheet

Plaintiff Amazon.com, Inc. ("Amazon") submits this statement regarding the relatedness of this action to *Smalls v. Amazon, Inc.*, No. 1:20-cv-5492 (RPK) (E.D.N.Y.), which is currently pending before Judge Rachel P. Kovner, and *Palmer v. Amazon.com, Inc*., No. 1:20-cv-2468 (BMC) (E.D.N.Y.), which was recently pending before Judge Brian M. Cogan and is now on appeal to the United States Court of Appeals for the Second Circuit.

The present case is related to both *Smalls v. Amazon, Inc.* and *Palmer v. Amazon.com, Inc*. in that it involves the same or similar underlying facts and legal issues and arises from the same or overlapping transactions as the two earlier-filed cases. Moreover, as noted below, the New York Attorney General, who is the defendant in this case, is already participating in the *Palmer* lawsuit, and the Judges in the *Smalls* and *Palmer* cases have already addressed, or soon will address, the legal issues that lie at the heart of all three cases.

*Smalls v. Amazon, Inc.*, No. 1:20-cv-5492 (RPK) (E.D.N.Y.)

The instant action and *Smalls v. Amazon, Inc.* both arise from Amazon's termination of Christian Smalls, a former employee at Amazon's JFK8 fulfillment center in Staten Island.[1] In *Smalls v. Amazon, Inc.*, Smalls asserts retaliation claims against Amazon under 42 U.S.C. § 1981 and the New York State and New York City Human Rights Law, alleging that his employment was terminated because he "organiz[ed] workers," "voic[ed] opposition" to employment policies, and engaged in "concerted activity." Am. Compl. ¶¶ 17, 47, *Smalls v. Amazon, Inc.*, No. 1-20-cv-5492 (RPK), Dkt. 5. Similarly, in the present case, the Office of the New York Attorney General ("OAG") has pressed retaliation claims under New York Labor Law §§ 215 and 740 on behalf of Smalls, alleging that Amazon terminated Smalls for organizing and participating in protests regarding working conditions at JFK8. Although Smalls and the OAG have alleged retaliation under different statutes, the two cases involve the same underlying facts and present similar legal issues. In particular, Amazon contends that Smalls' retaliation claims and the OAG's attempt to exercise regulatory authority over claims of retaliation against workers who protest working conditions are preempted by the National Labor Relations Act.

Further, in *Smalls v. Amazon, Inc.*, Smalls also challenges Amazon's COVID-19 workplace safety policies at JFK8—including temperature taking, "personal protective equipment," "hand sanitizer," "social distancing," and "cleaning and disinfecting"—under 42 U.S.C. § 1981. Am. Compl. ¶¶ 17, 25, *Smalls v. Amazon, Inc.*, No. 1-20-cv-5492 (RPK), Dkt. 5 (E.D.N.Y.). Specifically, Smalls alleges that Amazon provided "line workers" at JFK8, who he claims were "predominantly minorit[ies]," with less effective COVID-19 safety measures than management employees, who, he contends, were "disproportionately Caucasian." *Id.* ¶ 20. In the present case, the OAG has threatened to bring claims against Amazon under the New York Labor Law challenging the adequacy of Amazon's COVID-19 workplace safety policies. The two cases thus raise similar factual issues concerning Amazon's COVID-19 safety measures at JFK8. In addition, the two cases present similar legal issues as Amazon contends that Smalls' claims and the OAG's

---

[1] In his Amended Complaint, Smalls named Amazon.com Services LLC, a subsidiary of Amazon.com, Inc., as the defendant. However, Smalls has not amended the caption in the case.

threatened claims are subject to the primary jurisdiction of the Occupational Safety and Health Administration ("OSHA").

*Palmer v. Amazon.com, Inc.*, No. 1:20-cv-2468 (BMC) (E.D.N.Y.)

The present case and *Palmer v. Amazon.com, Inc.* both involve COVID-19 workplace safety practices at JFK8. In *Palmer v. Amazon.com, Inc.*, a group of JFK8 employees and their family members alleged that Amazon's workplace health and safety practices at JFK8 violate New York Labor Law § 200 and constitute a public nuisance. This action presents similar facts as *Palmer v. Amazon.com, Inc.* in that the OAG seeks to use New York Labor Law § 200 to regulate Amazon's workplace safety responses to COVID-19 at its JFK8 and DBK1 facilities. Further, both this action and *Palmer v. Amazon.com, Inc.* raise many of the same legal issues. Specifically, Amazon contends that both the *Palmer* plaintiffs' claims under New York Labor Law § 200 and the OAG's attempt to exercise regulatory authority under that statute are preempted by the Occupational Safety and Health Act, are subject to the primary jurisdiction of OSHA, and are barred by the New York Workers' Compensation Law. Moreover, the OAG entered into a common interest agreement with the *Palmer* plaintiffs and their counsel in connection with their lawsuit before Judge Cogan. The OAG also filed a letter-motion requesting leave to file an *amicus curiae* brief in support of the plaintiffs in *Palmer v. Amazon.com, Inc.*, and Judge Cogan ordered that the OAG's letter-motion was "deemed to constitute its *amicus curiae* brief." The OAG's voluntary participation in the *Palmer* litigation further underscores the relatedness to the present action.

\*\*\*

In light of these overlapping facts and legal issues, a relatedness designation is warranted to conserve judicial resources and avoid inconsistent outcomes. In *Palmer v. Amazon.com, Inc.*, Judge Cogan has already considered and ruled on the core issues relating to New York Labor Law § 200 raised in the present matter with respect to Amazon's JFK8 facility. In addition, Judge Kovner is expected to address the legal issues and facts relating to Smalls' termination and the alleged retaliation as Amazon's pre-motion letter seeking leave to file a motion to dismiss is currently pending in *Smalls v. Amazon, Inc.* Assigning this action either to Judge Kovner or Judge Cogan will thus promote judicial economy by taking advantage of the judicial efforts these judges have already undertaken or soon will undertake. Further, treating the actions as related will promote the interests of justice by reducing the risk of inconsistent rulings and will avoid undue duplication of effort and expense.

Therefore, Amazon respectfully submits that this action is related to *Smalls v. Amazon, Inc.* and *Palmer v. Amazon.com, Inc.*, and respectfully requests that this action be assigned to Judge Kovner or alternatively, to Judge Cogan.