

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

| | |
|---|---|
| **LETITIA JAMES**<br>**ATTORNEY GENERAL** | **DIVISION OF SOCIAL JUSTICE**<br>**LABOR BUREAU** |

February 19, 2021

**By ECF**
Douglas C. Palmer, Clerk of the Court
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Amazon.com, Inc. v. New York State Attorney General*, No. 1:21-cv-767

Dear Mr. Palmer:

      I write on behalf of Defendant New York State Office of the Attorney General ("OAG"). This letter is submitted pursuant to Eastern District of New York ("EDNY") Local Rule 50.3.1 (the "Rule"), in response to the statement of Plaintiff Amazon.com, Inc. ("Amazon"), ECF Docket #1-2, filed on February 12, 2021, regarding the relatedness of this case to either *Smalls v. Amazon, Inc.* [*sic*], No: 20-cv-5492, or *Palmer v. Amazon.com, Inc.*, No. 20-cv-2468.

      On February 12, this case was randomly assigned to Judge Allyne R. Ross. On February 16, the case was reassigned to Judge Brian M. Cogan, who previously dismissed *Palmer v. Amazon.com, Inc.*, No. 20-cv-2468. Because this case does not satisfy the relatedness requirements with respect to either the *Palmer* or *Smalls* cases, the random assignment to Judge Ross should be reinstated.

      ***Amazon's Failure to Comply with Local Rule 50.3.1***
As a preliminary matter, Amazon has not complied with EDNY Local Rule 50.3.1(d). That Rule permits a "related case" application to be made "*after* the date when at least a majority of the defendants have been served with the complaint" (emphasis added), and further states, "before making such application, the applicant must confer in good faith with all other parties in an effort to reach an agreement on whether or not the case is 'related.'"

      In the present case, Amazon filed and served both its complaint and its related case application simultaneously on February 12, 2021, rather than filing the related-case application "after the date" of service. Further, Amazon did not confer with counsel for Defendant before making such application, as the Rule requires.

      Local Rule 50.3.1 calls for other-than-random assignment to a judge to follow, not precede, an opportunity for discussion and scrutiny of whether two cases are indeed "related" within the Rule's meaning. As defined by Local Rule 50.3.1(a), the relevant inquiry is whether, "because of

the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge." As this court has explained, "it is no longer permissible for a party unilaterally to declare that the cases are related and thereby render the non-random judicial assignment a *fait accompli*." *Molinari v. Bloomberg*, 2008 WL 4876847, at \*1-2 (E.D.N.Y. Nov. 12, 2008) (discussing a post-reassignment inquiry into whether cases were related); *see also Rite-Aid Corp. v. Am. Express Travel Related Servs. Co.*, 2008 WL 3155063 (E.D.N.Y. Aug. 4, 2008) (ordering cases reassigned to a randomly-chosen judge).

In light of Amazon's failure to provide the requisite notice and conference under Local Rule 50.3.1 before non-random assignment, and the fact that this case has to date required no use of judicial resources, inquiry into whether the Rule 50.3.1(a) standard is met should now be made and for the reasons set forth below, the case should be re-assigned to the original, randomly-selected judge.

### *Amazon's Proposed Related Cases*

Neither case which Amazon proposes to relate to the instant case has a requisite "similarity of facts and legal issues" such that "a substantial saving of judicial resources is likely to result." In the instant case, Amazon seeks a declaratory judgment that New York Labor Law §§ 200, 215, and 740 are preempted, respectively, by the Occupational Safety and Health Act ("OSH Act") and the National Labor Relations Act ("NLRA"). The instant case will require consideration of the Declaratory Judgment Act ("DJA") and various abstention doctrines before reaching even the legal merits on any of Amazon's preemption claims, let alone the underlying facts. Because of the DJA posture, the instant complaint does not ask the court to consider facts or reach conclusions directly related to the adequacy of Amazon's health and safety measures or the reasons for its discharge of Christian Smalls, issues in the two supposedly "related" cases, but rather asks the court to opine on strictly legal questions of preemption.[1]

The additional specific reasons why neither case is "related" to the instant case are set forth below.

### *Smalls v. Amazon, Inc.* **No: 1:20-cv-5492 (RPK)**

The first case Amazon identifies as related to the instant case, *Smalls v. Amazon*, involves entirely different legal issues and many different facts. The *Smalls* complaint asserts race and national origin discrimination and retaliation claims under 42 U.S.C. § 1981-a and the New York State and New York City Human Rights Laws. Additionally, the *Smalls* complaint seeks class certification on behalf of similarly situated African-American and Latina/o workers. In stark contrast, the instant case seeks declaratory relief that New York Labor Law §§ 200, 215, and 740, which do not involve race or national origin discrimination, are preempted by federal laws, and

---

[1] While Amazon's complaint includes paragraphs describing Amazon's response to the COVID-19 pandemic and personnel decisions (*see* ¶ 28-120 (describing COVID-19 response measures), ¶ 131-145 (describing personnel decisions)), the two Claims for Relief (¶ 202-221) demonstrate that Amazon only asks the court to draw a conclusion as a matter of law about whether the OAG possesses legal authority to investigate health and safety conditions and retaliation claims, not whether Amazon's conduct, as described in the complaint paragraphs cited above, accords with or violates any health and safety or retaliation laws.

February 19, 2021
Page 3

does not ask the court to determine the lawfulness of Amazon's health and safety conditions or of its discharge of Smalls. Further, the facts and events which the instant case asks the court to evaluate involve the OAG's authority to investigate Amazon, not Amazon's health and safety conditions or discharge of Smalls, and thus, there is no overlap of legal issues, facts, transactions, or events in the two cases.

### *Palmer v. Amazon.com, Inc*., No. 1:20-cv-2468 (BMC)

The second case Amazon lists as related, *Palmer v. Amazon.com, Inc*., was dismissed on November 3, 2020 and is now closed, having been terminated on November 3, 2020. Local Rule 50.3.1(c) states, "Presumptively…, civil cases shall not be deemed to be 'related' unless both cases are still pending before the court." Amazon's "related case" application identifies *Palmer v. Amazon* as a "recently pending" case, but the Court's Local Rules refer to "still pending" cases, not "recently" pending cases. *See Molinari*, 2008 U.S. Dist. LEXIS 92019, *4 (closed cases should not have been deemed "related" to a new one); *cf. Moskovitz v. Bank of America N.A*., 2021 WL 467152, at *2 (S.D.N.Y. Feb. 7, 2021) (denying related case designation and holding that "[b]ecause the case that was before Judge Broderick is closed, it is presumptively not related to this case"); *Deutsche Zentralgenossenschaftsbank AG v. Bank of America Corp*., 2015 WL 935576 (S.D.N.Y. Feb. 28, 2015) (reassignment denied because one of the cases was no longer pending). That a judge previously dealt with similar or even "identical legal issues" (*see* Local Rule 50.3.1(b)) in a *closed* case does not dictate "related" case status: otherwise many cases would be assigned to a judge deemed expert or experienced, rather than assigned randomly.

Accordingly, there is no basis to find the instant case related to *Palmer*. Moreover, the instant case and *Palmer* also have different legal issues and facts. The instant case seeks a declaratory judgment on certain questions of law, rather than asking the court to make legal and factual conclusions about the health and safety conditions in Amazon's facilities. While one of the statutes as to which Amazon seeks a declaratory judgment, Labor Law § 200, was also invoked by the *Palmer* plaintiffs, those plaintiffs also included public nuisance claims and other state Labor Law claims not present in the instant case. The instant case raises issues related to Labor Law §§ 215 and 740 and the NLRA that were not present in *Palmer*. As to the facts, events, and transactions, *Palmer* asked the court to examine the lawfulness of Amazon's health and safety conditions, while the instant case instead concerns the OAG authority to investigate Amazon.

### *Conclusion*

For the reasons stated above, this case should not be found to be related to either the *Palmer* or *Smalls* cases, and the original assignment to Judge Ross should be reinstated.

                                                Respectfully submitted,

                                                /s/
                                                Julie R. Ulmet
                                                *Counsel for Defendant*

cc:    *All Counsel* (by ECF)