# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
CHRISTIAN SMALLS, on his own behalf and on behalf of class

of similarly situated African American and Latina/o workers,

                Plaintiff,

vs.

AMAZON, INC.,

                Defendant.

-------------------------------------------------------------------------------------

## CLASS ACTION COMPLAINT

    By and through his attorneys, Tricia (CK) Hoffler, Esq. and Michael H. Sussman, Esq., plaintiff Christian Smalls, a United States citizen, hereby files this action and seeks class certification against defendant Amazon, Inc. pursuant to 42 U.S.C. section 1981-a, sections 296(1)(a) and (e) of the Executive Law of the New York State and sections 8-107 (1)(a) (2) and (3) and 7 of the City of New York Human Rights Law:

### I. PARTIES

    1. Plaintiff Christian Smalls is a person of legal age who resides in the State of New Jersey.

    2. Plaintiff Christian Smalls is African American.

    3. Defendant Amazon, Inc. is a corporation which was incorporated in the State of Delaware on May 28, 1996.

1

**JURISDICTION**

4. As plaintiff is a citizen of one state and defendant a citizen of another and as none of the class of workers plaintiff seeks to represent reside in the State of Delaware, this Court has jurisdiction over this matter pursuant to 28 U.S.C. section 1332.

5. As plaintiff claims that defendant violated certain rights guaranteed to him pursuant to federal civil rights law, this Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. secs. 1331 and 1343.

6. As plaintiff alleges that defendant violated certain rights guaranteed to him and the class he represents by virtue of state and local civil rights laws and that these violations arose from the same nucleus of operative facts as its violations of federal law, this Honorable Court has pendent jurisdiction pursuant to 28 U.S.C. section 1367.

**FACTUAL ALLEGATIONS**

7. On November 19, 2015, Smalls commenced working for Amazon in an entry level position.

8. In August 2016, he was promoted to a management associate position. As such, he was responsible for approximately 60 subordinates.

9. On March 24, 2020, a worker, Barbara Chandler, with whom Smalls had had close contact, tested positive for COVID 19.

10. Upon learning of Ms. Chandler's status, Amazon did not issue a directive to quarantine workers with whom she had contact.

11. On March 25, 2020, plaintiff Smalls came to work and was not advised of any quarantine for himself or other workers who had had close contact with Chandler.

12. On March 25, 2020, Smalls spoke with higher level managers and the HR department, seeking clarity for himself and other workers and requesting to be placed on quarantine in light of his known exposure.

13. On Saturday, March 28, 2020, a senior operations manager advised Smalls that he was quarantined with pay but provided no specific instructions or duration.

14. On March 24, 2020, plaintiff became alarmed that Amazon was not following basic precautions, endangering the health, safety and survival of those working at this distribution center and their families.

15. Between March 25 and March 28, 2020, Smalls served as a liaison between workers, who felt that management was unresponsive to their concerns, and management.

16. Smalls did not work on March 29, 2020 but did return to the fulfillment center on March 30, 2020 to lead a demonstration of workers in the parking lot.

17. After confirming that Amazon was not taking the temperatures of workers before allowing them to commence work nor providing its workers with personal protective equipment or hand sanitizer nor adequately enforcing social distancing within the facility nor following New York or CDC guidance for cleaning and disinfecting the facility, Smalls proceeded with this concerted activity.

18. Plaintiff did so because he concluded that he had a responsibility to raise with management its delinquent response to the emerging pandemic.

19. Plaintiff reached this conclusion because he believed that management was indifferent to the health, welfare and survival of his subordinates, co-workers and their families because the large majority of them were African-Americans, Latino or immigrants who were vulnerable because of their recent entry into the United States.

20. Plaintiff's concern was also magnified when he learned that Amazon was intentionally attending with greater diligence to the health and safety of managers who, as a group, were disproportionately Caucasian when compared to line workers at the fulfillment center.

21. Smalls initially raised health and safety issues by bringing a group of minority workers to meet with management.

22. Management repelled the workers, including Smalls, and did not demonstrate concern for the group's health/welfare.

23. Shortly thereafter, plaintiff intentionally arranged to meet again with management, this time with a group which included Caucasian workers. Management appeared far more receptive to the group's health and safety-related concerns.

24. On March 30, 2020, after Smalls organized a public demonstration in the parking lot of the fulfillment center which drew the attendance of approximately 60 workers and demanded that Amazon close down the building until it could be deeply cleaned and sanitized.

25. Smalls noted that Amazon was endangering its workers and that the cleaning company with which it then contracted was short-staffed and giving short shrift to the cleaning process.

26. During this rally, Smalls opposed practices which discriminated against minority workers and immigrants by subjecting them to inferior terms and conditions of employment due to their race/ethnicity.

27. Within two hours of the public demonstration, Amazon terminated Smalls, claiming that he was violating its quarantine order and thereby jeopardizing the health and safety of other employees.

28. An Amazon spokesperson, Kristin Kish, claimed that company managers had repeatedly warned Smalls not to come to work and to maintain social distancing at the workplace and asserted that he violated both edicts.

5

29. Kish's statements were lies; while Smalls had been at the workplace for several days trying fruitlessly to get the company to respond to the health and safety needs of its overwhelmingly minority work force, Amazon managers did not direct him to leave the premises until March 28 nor advise him of any policy dealing with social distancing.

31. And, Amazon, Inc. had no such policy, no practice of contact tracing and did not quarantine workers exposed to those, like Barbara Chandler, who did test positive for COVID 19.

32. A few days after Amazon fired Smalls, its motives became more clear: in a memo to the CEO, Jeff Bezos, its General Counsel, David Zapolsky, characterized Smalls as "not smart or articulate," and suggested that Amazon make him the face of the workers criticizing its response to the pandemic. He suggested that Smalls was an easy target to defeat.

33. By and through the release of this memo, it has become clear that top level Amazon executives, including CEO Jeff Bezos, perpetuated the company's pervasive discriminatory animus against its minority workers.

34. In March 2020, Amazon, Inc. failed to aggressively implement policies intended to protect its fulfillment center line staff, the preponderance of whom were African American, Latino/a or recently arrived immigrants of various minority national origins. Its reaction to the pandemic subjected these minority workers to health threats to which Amazon did not subject its primarily Caucasian management staff.

35. By dint of his termination, Smalls has suffered actual pecuniary loss.

36. The putative class is comprised of protected class workers who were subjected to inferior terms and conditions of employment, endangering their health and welfare and discriminating against them on account of their race and/or national origin.

37. The class claims are typical of those possessed by these workers and arising under section 1981-a and these common claims predominate over any others.

38. By failing to provide PPE equipment to its predominantly minority workforce, defendant subjected a class of African American and Hispanic workers to inferior terms and conditions of employment as it offered predominately Caucasian employees working in managerial classifications.

39. In so proceeding, defendant adopted a practice which intentionally, disproportionately and adversely affected African-American and Hispanic workers.

40. Plaintiff seeks to represent the class of such workers who are similarly-situated.

41. The questions of fact common to such class members predominate over individual claims class members may have and are typical of the claims of these individuals.

7

42. There is no need for each individual in the class plaintiff seeks to represent to be individually represented.

43. Plaintiff is represented by competent and experienced class counsel.

**CAUSES OF ACTION**

44. Plaintiff incorporates the facts set forth above as if fully re-written herein.

45. By subjecting its majority minority line workers to inferior terms and conditions of employment when compared with its overwhelming Caucasian managers, defendant Amazon engaged in an intentionally discriminatory employment practice which placed minority workers at risk and burdened their right to contract on terms equal to those defendant offered Caucasian employees, so violating 42 U.S.C. section 1981-a.

46. Plaintiff Smalls was among the group of similarly-situated workers so placed at risk and his claim in this regard is typical of and common to legal claims possessed by each and every minority worker to which Amazon extended inferior treatment by dint of his/her race/ethnicity. Such practice by Amazon represents discrimination in the terms and conditions of employment prohibited by 42 U.S.C. section 1981-a.

47. By organizing workers against defendant's discriminatory practice and by voicing opposition to such practice when he sought redress from such discriminatory practices beginning on or about March 24, 2020, plaintiff

8

engaged in protected activity as defined by federal, state and city civil rights laws.

48. A motivating factor for Defendant's termination of plaintiff was for opposing such discriminatory practices in violation of 42 U.S.C. section 1981-a, section 296(1)(e) of the Executive Law of State of New York and section 8-107(7) of the New York City Human Rights Law.

49. Defendant terminated plaintiff in part on account of his race, concluding that as a black man, he would serve as a "weak spokesman" for these workers and that Amazon could elicit public support by making him the face of the movement opposing its discriminatory practices.

50. In so proceeding, Amazon discriminated against plaintiff on account of his race in violation of 42 U.S.C. section 1981-a, section 296(1)(a) and section 8-107(1)(a)(2) of the Human Rights Law of the City of New York.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff demands make whole relief, including compensatory damages for pecuniary and non-pecuniary losses, punitive damages, attorneys' fees and costs arising from this action and injunctive relief enjoining Amazon from again violating these provisions of federal law; in addition, as his claims are typical of those possessed by other members of the putative class, as such common claims predominate over other claims and as charging party is represented by competent counsel who have experience

9

representing plaintiff classes in civil rights cases, plaintiff seeks certification pursuant to F.R.Civ.P. 23(b)(2) as the representative of a class of African-American and Latina/o workers at the Staten Island Fulfillment Center subjected to inferior terms and conditions of employment by respondent Amazon as set forth above and entry of make whole relief for members of the class, including injunctive relief requiring defendant to provide equal terms and conditions of employment to job classifications overwhelming dominated by African-American and/or Latino/Hispanic employees and any and all other relief the interests of law and equity dictate.

Dated: November 12, 2020

_____
TRICIA (CK) HOFFLER
The CK Hoffler Firm
23 Lenox Pointe, N.E.
Atlanta, GA 30324
Co-Counsel for Plaintiff

_____
MICHAEL H. SUSSMAN
Sussman & Associates
PO Box 1005
Goshen, NY 10924
(845)-294-3991
Co-counsel for Plaintiff