# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Jason C. Schwartz
Direct: +1 202.955.8242
Fax: +1 202.530.9522
JSchwartz@gibsondunn.com

May 17, 2021

The Honorable Brian M. Cogan
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Amazon.com, Inc. v. Attorney General Letitia James*, No. 1:21-cv-767 (E.D.N.Y.)

Dear Judge Cogan:

Pursuant to Section III.A.2 of Your Honor's Individual Practices, Plaintiff Amazon.com, Inc. ("Amazon") respectfully requests leave to file a motion for summary judgment on its injunctive and declaratory claims. Amazon's injunctive and declaratory claims present pure questions of law regarding whether federal regulators have exclusive or primary jurisdiction over Amazon's COVID-19 health and safety responses and its discipline of employees who violated health and safety rules, and whether Defendant New York Attorney General ("OAG") is preempted from regulating those activities. Discovery is not needed to resolve these claims or to determine Amazon's entitlement to injunctive and declaratory relief.

Moreover, concurrently with this letter, Amazon filed an Amended Complaint adding new allegations focused on the bad-faith manner in which the OAG carried out its investigation of Amazon. The new allegations in the Amended Complaint eliminate any basis for the OAG to challenge this Court's jurisdiction and the justiciability of Amazon's claims, and thus moot the OAG's motion to dismiss the original complaint. *See Taylor v. Abate*, 1995 WL 362488, at *2 (E.D.N.Y. June 8, 1995). If the OAG moves to dismiss the Amended Complaint, Amazon requests cross-briefing on its motion for summary judgment and the OAG's motion to dismiss.

## I.   This Court Has Subject Matter Jurisdiction Over This Action And Abstention Is Inappropriate

***Subject Matter Jurisdiction.*** It is "beyond dispute that federal courts have jurisdiction over suits" that "seek[ ] injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14 (1983). The OAG asserts that Amazon's case falls within a limited exception noted in *Fleet Bank, N.A. v. Burke*, 160 F.3d 883 (2d Cir. 1998), *see* Dkt. 26 at 4–5, but that case is inapplicable. Unlike the plaintiff in *Fleet*, Amazon has *not* filed this action to obtain an interpretation of state law that would preclude the OAG—"*as a matter of state law*"—from regulating Amazon. *Fleet*, 160 F.3d at 889. Rather, Amazon contends that a proper interpretation of *federal* law preempts or precludes the OAG's actions toward Amazon. Amazon's claims thus present a quintessential federal question, and this Court clearly has subject matter jurisdiction.

***Abstention.*** Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *In re Joint E. & S. Dist. Asbestos Litig.*, 78 F.3d 764, 775 (2d Cir.

1996).  Abstention in any form "is an extraordinary and narrow exception" to that duty.  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14 (1983).  "Abdication of the obligation to decide cases" is justified under abstention doctrines "only in the exceptional circumstances" where directing the parties to "repair to [a] State court would clearly serve an important countervailing interest."  *Id.*  Absent such "exceptional" circumstances, "[t]he pendency of an action in a state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."  *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013).  There are no exceptional circumstances here that warrant abstention.

*First*, abstention under *Younger v. Harris*, 401 U.S. 91 (1971), is only appropriate where "significant state interests" are implicated in an ongoing state proceeding.  *Chaulk Servs., Inc. v. Mass. Comm'n Against Discrim.*, 70 F.3d 1361, 1370 (1st Cir. 1995).  However, "no significant state interests are served," and *Younger* abstention is inappropriate, where a preemption claim is "readily apparent" and the state tribunal is consequently "acting beyond the lawful limits of its authority."  *Id.*  That is the case here, as the issues the OAG seeks to regulate through its state-court lawsuit are governed exclusively by federal law and are within the exclusive or primary jurisdiction of federal regulators.  The OAG's claims of retaliation against workers who protest working conditions are preempted by the National Labor Relations Act ("NLRA") and fall within the exclusive jurisdiction of the National Labor Relations Board ("NLRB").  The OAG's retaliation claims arise out of events being litigated before the NLRB, Am. Compl. ¶¶ 216–17, and it is well-settled that where the NLRB even "arguably" has jurisdiction over a matter, that jurisdiction is exclusive and courts are divested of jurisdiction.  *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 244–45 (1959).  Similarly, the OAG's claims relating to COVID-19 workplace safety are preempted by standards promulgated under the federal Occupational Safety and Health Act ("OSH Act"), and are subject to the primary jurisdiction of the Occupational Safety and Health Administration ("OSHA").  *See, e.g.*, *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 99 (1992) (preemption); *Palmer v. Amazon.com, Inc.*, 2020 WL 6388599, at *4–7 (E.D.N.Y. Nov. 2, 2020) (primary jurisdiction).  Thus, because it is "readily apparent" that the OAG's workplace safety and retaliation claims are outside the state court's jurisdiction, *Younger* abstention is inappropriate.  *Bud Antle, Inc. v. Barbosa*, 45 F.3d 1261, 1273 (9th Cir. 1994).

*Younger* abstention is also unwarranted because, as alleged in Amazon's Amended Complaint, the OAG pursued its investigation and filed its state action "in bad faith" and "for the purpose [of] harass[ing]" Amazon.  *Cullen v. Fleigner*, 18 F.3d 96, 103–04 (2d Cir. 1994).

*Second*, the *Wilton* abstention doctrine does not apply because Amazon seeks more than "purely declaratory" relief.  *Kanciper v. Suffolk Cty. Soc'y for the Prevention of Cruelty to Animals, Inc.*, 722 F.3d 88, 93 (2d Cir. 2013).  The Court will adjudicate Amazon's preemption and primary jurisdiction claims in connection with its claim for injunctive relief.  *See* Am. Compl. ¶¶ 247–56.  Thus, there would be no justification for the Court to abstain from exercising jurisdiction over Amazon's parallel declaratory claim.  Furthermore, the Second Circuit has held that in "cases like this one that involve questions of federal law are 'fundamentally distinct from *Wilton* because federal law supplies a rule of decision,' whereas *Wilton* 'involved state law only.'"  *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 105 (2d Cir. 2012).  *Wilton* abstention does not apply.

## II. Amazon Is Entitled To Summary Judgment On Its Injunctive And Declaratory Relief Claims

Amazon's injunctive and declaratory claims present pure legal questions regarding whether workplace safety responses to COVID-19 and claims of retaliation against workers who protest working conditions are governed by federal law and subject to the exclusive or primary jurisdiction of federal regulators. Factual development is not required to resolve these "strictly legal question[s]" or to determine Amazon's entitlement to declaratory and injunctive relief, making these claims "ripe for resolution" at summary judgment. *Ezagui v. City of New York*, 726 F. Supp. 2d 275, 285 (S.D.N.Y. 2010).

*First*, the OAG's attempts to use the New York Labor Law ("NYLL") to regulate claims that Amazon retaliated against Mr. Smalls and Mr. Palmer for protesting working conditions are preempted by the NLRA and are within the exclusive jurisdiction of the NLRB. While this Court need only conclude that the OAG's allegations of retaliation "arguably" fall within the scope of the NLRA to grant Amazon relief, *Garmon*, 359 U.S. at 244–45, the facts here indicate that the OAG's claims are clearly preempted by the NLRA and within the exclusive jurisdiction of the NLRB. The NLRB has made clear that the NLRA prohibits retaliation against employees who engage in concerted activity regarding their employer's efforts to address COVID-19. *See* Am. Compl. ¶ 215. In fact, the OAG's asserted retaliation claims are identical to a claim currently pending before the NLRB. *See id*. ¶¶ 216–17. Thus, because Mr. Smalls and Mr. Palmer "could have brought to the NLRB the specific claim asserted in this lawsuit—that [they] w[ere] [disciplined] for making job safety complaints"—the NLRA preempts the OAG's NYLL §§ 215 and 740 claims. *Platt v. Jack Cooper Transp., Co*., 959 F.2d 91, 94–96 (8th Cir. 1992).

*Second*, the OAG's attempts to regulate workplace safety responses to COVID-19 under NYLL § 200 are subject to the primary jurisdiction of OSHA and preempted by the OSH Act. In *Palmer*, this Court concluded it was "appropriate to apply the doctrine of primary jurisdiction to . . . NYLL § 200 claims." 2020 WL 6388599, at *7. OSHA has issued extensive guidance concerning COVID-19 workplace safety, and by January 2021, had opened approximately 1,500 federal inspections and issued hundreds of citations for violations of existing OSHA standards. *See* Am. Compl. ¶ 199. These standards promulgated under the OSH Act govern the alleged health and safety issues at JFK8 and DBK1. Thus, because New York relinquished its authority to enforce workplace safety standards against private employers such as Amazon, *see Palmer*, 2020 WL 6388599, at *9, the OAG's attempt to exercise regulatory authority under NYLL § 200 over Amazon's health and safety response to COVID-19 is preempted by the OSH Act.

To the extent the OAG moves to dismiss the Amended Complaint, cross-briefing Amazon's motion for summary judgment and the OAG's motion to dismiss would promote efficiency and judicial economy. There is no reason to address the OAG's arguments for dismissal before addressing Amazon's arguments for summary judgment. To the contrary, briefing and arguing all of these issues simultaneously will give the Court the benefit of complete briefing on all dispositive issues of law at an early stage of the case.

Respectfully submitted,

*/s/ Jason C. Schwartz*
Jason C. Schwartz  (*Admitted pro hac vice*)
Lucas C. Townsend (*Admitted pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
jschwartz@gibsondunn.com
ltownsend@gibsondunn.com

Mylan L. Denerstein
Zainab N. Ahmad
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000
mdenerstein@gibsondunn.com
zahmad@gibsondunn.com