

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

**LETITIA JAMES**  **DIVISION OF SOCIAL JUSTICE**
ATTORNEY GENERAL  LABOR BUREAU

May 25, 2021

**By ECF**
Hon. Brian M. Cogan
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Amazon.com, Inc. v. Attorney General Letitia James*, Case No. 1:21-cv-767

Dear Judge Cogan:

Pursuant to Your Honor's Individual Practices and May 17 Order, Defendant Attorney General Letitia James ("OAG") submits this letter to renew her motion to dismiss the now-amended Complaint and to oppose Plaintiff Amazon.com Inc.'s May 17 letter requesting leave to move for summary judgment. ECF No. 28 ("Pl. Ltr."). The Court should determine the threshold issue of whether it has jurisdiction prior to any motion for summary judgment. Amazon has amended its complaint in an attempt to escape *Fleet* and *Younger*, *see infra*, but there is still no federal subject matter jurisdiction and, even if there were, *Younger* abstention still applies. Contrary to Amazon's claims of efficiency, judicial economy will be better served by deciding the motion to dismiss before adjudicating summary judgment.

**I. Federal Subject Matter Jurisdiction is Lacking**

The Court does not have jurisdiction over this case. *Fleet Bank, N.A. v. Burke*, 160 F.3d 883 (2d Cir. 1998), recognized that federal subject matter jurisdiction is lacking when a plaintiff seeking anticipatory declaratory and injunctive relief disputes the meaning of state law. *Fleet* distinguished *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14 (1983), *see* Am. Compl. ¶ 23, in that there, unlike in *Fleet*, the plaintiffs asserting an anticipatory preemption defense had "acknowledged that the state law regulated them in the manner that the state officials were asserting." 160 F.3d at 889. To try to avoid *Fleet*, Amazon has now dropped some of its original allegations regarding state law and denies in its pre-motion letter that it "filed this action to obtain an interpretation of state law." Pl. Ltr. at 1. But the Amended Complaint continues to contest the OAG's authority as a matter of New York law. *See* Am. Compl. ¶¶ 189, 205-208, 219, 229. As *Fleet* held, plaintiffs who deny that a state law applies (as Amazon continues to do) "should proceed initially and promptly to state court for an authoritative construction of state law." 160 F.3d at 893. Accordingly, Amazon's complaint should be dismissed as federal jurisdiction is lacking.

**II. Even Assuming Subject Matter Jurisdiction, Federal Abstention Is Required**

The *Younger* doctrine makes federal abstention mandatory when a three-part test is met. *Spargo*

*v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003). As detailed in the OAG's motion to dismiss, each prong is met here. *See* ECF No. 26 at 6-9. Amazon disputes only the second prong, by arguing that the State's vital interests in protecting employee health and safety and the right to make complaints without retaliation are not "served" when a preemption claim is "readily apparent." Pl. Ltr. at 2. But this "facially conclusive" exception "applies only where there exists no unresolved questions of fact or law regarding the preemption question." *See HSBC Bank USA v. N.Y. City Comm. on Human Rights*, 673 F. Supp. 2d 210, 215-16 (S.D.N.Y. 2009); *cf. New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364-65 (1989) (rejecting argument that "a district court presented with a preemption based request for equitable relief should take a quick look at the merits; and if upon that look the claim appears to be substantial, the court should endeavor to resolve it" because an exception to *Younger* abstention for preemption cases would be illogical). Here, Amazon's preemption claims are meritless, *see infra* at 3, and certainly not "facially conclusive" in its favor.

Amazon has also amended its Complaint to try to bring this case within the "bad faith" exception to *Younger* recognized in *Cullen v. Fliegner*, 18 F.3d 96, 103-04 (2d Cir. 1994). Am. Compl. ¶¶ 244, 254. However, the Attorney General "enjoys a presumption that [s]he is acting in good faith." *See, e.g.*, *Anheuser-Busch, Inc. v. Abrams*, 520 N.E.2d 535, 537 (N.Y. 1988); *cf. Hartman v. Moore*, 547 U.S. 250, 263-65 (2006) (discussing "presumption of regularity accorded to prosecutorial decisionmaking"). Far from overcoming that presumption, Amazon's complaint contains at best conclusory claims of improper motive and itself shows that the OAG had a legitimate basis to investigate Amazon. *See, e.g.*, Am. Compl. ¶ 167 ("[T]he OAG expressed 'concern[]' that Amazon failed to take adequate steps to protect its associates[.]"). As a matter of law, allegations of an improper motive cannot raise a plausible claim of bad faith when the complaint also alleges an "obvious alternative explanation" for the conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009).[1] Nothing Amazon has alleged, even if true, would meet the burden for invoking the bad faith exception.[2]

In addition to the abstention dictated by *Younger*, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995), instructs that federal courts should use the "unique and substantial discretion" granted them by the Declaratory Judgment Act to prevent forum shopping. As detailed in the OAG's motion to dismiss, the factors recognized in *New York v. Solvent Chem. Co.*, 664 F.3d 22, 26 (2d Cir. 2011), call for abstention here. ECF No. 26 at 9-12. Amazon wrongly relies on *Kanciper v. Suffolk Cty. SPCA, Inc.*, 722 F.3d 88, 93 (2d Cir. 2013), to argue that *Wilton* abstention does not apply "because Amazon seeks more than 'purely declaratory' relief." Pl. Ltr. at 2. Amazon's selective quotation of *Kanciper* hides the fact that the plaintiff there sought damages in addition to declaratory relief,

---

[1] During the OAG's investigation, Amazon did not move to quash any of the OAG's subpoenas.

[2] A proceeding "legitimate in its purposes, but unconstitutional in its execution—even when the violations of constitutional rights are egregious—will not warrant the application of the bad faith exception." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 199 (2002). *Diamond "D"* reached this conclusion even though the district court had found that $1.2 million in payments had been wrongfully withheld from a small business, thereby threatening it with destruction, based on a "fundamentally flawed" investigation, reliance on reports known to be unreliable, failure to interview all but a few employees, ignoring records, refusal to consider facts, and irrational assumptions. *See* 142 F.Supp.2d 377, 403-04 (W.D.N.Y. 2001), *vacated*, 282 F.3d 191.

whereas Amazon merely adds a request for injunctive relief. The Supreme Court has recognized (in the *Younger* abstention context) that a declaratory judgment "has virtually the same practical impact as a formal injunction" and granting either would equally frustrate the policy against federal interference. *Samuels v. Mackell*, 401 U.S. 66, 72, 73 (1971). *Wilton* abstention is appropriate.

**II. Even if the Court Reaches the Merits, the Complaint Fails to State a Claim**

Even if the Court reaches the merits, the Amended Complaint would still be subject to dismissal. Amazon claims that the OSH Act "preempts any attempt by the OAG to exercise regulatory authority over a private employer's health-and-safety response to COVID-19." Am. Compl. ¶¶ 237, 247. However, this Court has already recognized that a NYLL § 200 claim "does not conflict with an existing federal standard and the OSH Act's savings clause expressly excludes statutory tort law claims from preemption." *Palmer v. Amazon.com, Inc*., No. 20-CV-2468 (BMC), 2020 WL 6388599, at *10 (E.D.N.Y. Nov. 2, 2020).

Amazon's attempt to extend to this case the holding in *Palmer*, *id.* at *7—that the primary-jurisdiction doctrine applied to private plaintiffs' NYLL § 200 claims—should be rejected.[3] Pl. Ltr. at 3. 29 U.S.C. §§ 653(b)(4) and 667(a) make clear that OSHA is not vested with primary jurisdiction over all safety disputes, and OSHA itself expressly cited "non-OSHA public safety requirements enacted by federal, state, and local officials in response to the pandemic" as a reason not to enact a federal COVID standard.[4] In light of OSHA's disclaimer of a federal standard or need for uniformity, there is no basis to rely on the primary-jurisdiction doctrine and refer this matter to OSHA. The traditional factors the Second Circuit considers in primary jurisdiction cases counsel the same result. *See Ellis v. Tribune Television Co.*, 443 F.3d 71, 82–83 (2d Cir. 2006).

With respect to NLRA preemption, Amazon misapplies the three-step analysis required by *Healthcare Ass'n of New York State, Inc. v. Pataki*, 471 F.3d 87, 96 (2d Cir. 2006), and indeed, ignores the third step completely. Pl. Ltr at 3. In order to find preemption, the second step of the analysis requires that state-court proceedings be identical to those before the NLRB. Here, the proceedings are not identical. Whether Mr. Smalls and Mr. Palmer were involved in protected, concerted activities as defined by the NLRA is irrelevant to the State's claims. *See Sears, Roebuck & Co. v. San Diego Cty. Dist. Council of Carpenters*, 436 U.S. 180, 188 (1978) ("Although the arguable federal violation and the state tort arose in the same factual setting, the respective controversies presented to the state and federal forums would not have been the same."). Even if the claims could be considered identical, Amazon fails to acknowledge—much less contest—the third step, applicability of the "local interest" exception. Where, as here, a state is acting on the "significant state interest" of public health and safety in the midst of an historic pandemic, preemption is inappropriate. *Id.* at 196.

For the foregoing reasons, the Amended Complaint should be dismissed or, in the alternative, stayed, and Amazon's request for leave to move for summary judgment should be denied.

---

[3] The OAG respectfully disagrees with the holding, and in any event, aspects of its reasoning, for example, that the private plaintiffs could have applied to OSHA, do not extend to the OAG.

[4] *See* Br. of OSHA in Resp. to Emergency Pet., *In re Am. Fed. of Labor & Congress of Indus. Orgs.*, No. 20-1158 (D.C. Cir.) (May 20, 2020) at 16. By contrast, Amazon stresses OSHA "guidance" about COVID and citations under non-COVID OSHA standards. Pl. Ltr. at 3.

Respectfully submitted,

LETITIA JAMES
*Attorney General of the State of New York*

By: */s/ Fiona J. Kaye*

KAREN CACACE
   *Chief of Labor Bureau*
JULIE R. ULMET
   *Deputy Chief of Labor Bureau*

FIONA J. KAYE
ROYA AGHANORI
ELIZABETH KOO
SETH KUPFERBERG
DANIELA L. NOGUEIRA
JEREMY PFETSCH
   *Assistant Attorneys General*

Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-8036
Fiona.Kaye@ag.ny.gov

*Attorneys for Attorney General Letitia James*