# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Jason C. Schwartz
Direct: +1 202.955.8242
Fax: +1 202.530.9522
JSchwartz@gibsondunn.com

July 30, 2021

The Honorable Brian M. Cogan
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  *Amazon.com, Inc. v. Attorney General Letitia James*, No. 1:21-cv-767 (E.D.N.Y.)

Dear Judge Cogan:

Pursuant to the Court's June 1, 2021 Order, Amazon.com, Inc. ("Amazon") respectfully submits this sur-reply in opposition to the OAG's motion to dismiss.

## I.     This Court Has Jurisdiction Over This Action And Abstention Is Inappropriate

***Jurisdiction.***    Amazon's lawsuit and summary judgment motion make clear that it is not seeking in this case an interpretation of state law, and yet the OAG persists in arguing to the contrary—based only on a handful of paragraphs from Amazon's 254-paragraph Amended Complaint.  Reply 1.  But those paragraphs do not support the OAG's argument.  Paragraphs 219 and 229 concern the bad-faith manner in which the OAG is pursuing its regulation—a *federal* issue.  Am. Compl. ¶¶ 219, 229.  Paragraphs 207-208 concern *federal* Due Process, *id.* ¶¶ 207-08, and do not contest Section 200's application.  And paragraph 189 gives background without mentioning NYLL §§ 215 and 740 (as the OAG incorrectly claims) or featuring in Amazon's legal counts.  *Id.* ¶ 189.  Thus, "[n]o issue [is] raised concerning the interpretation of state law." *Fleet Bank, N.A. v. Burke*, 160 F.3d 883, 889 (2d Cir. 1998).  Moreover, even if this case implicated state law incidentally, Amazon is not "primarily" seeking a construction of state law.  *Id.* at 884; *cf. Ex parte Young*, 209 U.S. 123, 160-61 (1908) (dismissing incidental state-law issues).  In *Fleet*, in contrast, the plaintiff sought a state-law declaration as its first count.  Ex. 1, at 6.  *Fleet* does not apply here and the OAG offers no basis to extend its holding.

***Abstention.***    The OAG argues it is not "readily apparent" that the state lacks jurisdiction, Reply 2, but the NLRB is already adjudicating a retaliatory discharge claim arising from the "same facts," and that alone is sufficient reason for this Court to not abstain.  *Chaulk Servs., Inc. v. Mass. Comm'n Against Discrim.*, 70 F.3d 1361, 1368, 1370 (1st Cir. 1995).  The OAG also hints that "state law" and "factual inquir[ies]" must be resolved, Reply 3, but because the OAG never articulates what those inquiries are, it provides no basis for ignoring the "readily apparent" *Garmon* preemption.  And the OAG's arguments for why a state forum supposedly is adequate, *see id.* at 4, all ignore the fact that Amazon is seeking injunctive and declaratory relief against the OAG's ongoing and future attempts to regulate Amazon's COVID-19 safety response.  Amazon seeks relief against regulation, not an anticipatory ruling on its defenses.

That the OAG is still criticizing Amazon's "social distancing policy" a month after the State rescinded its social distancing guidance, *see* Reply 6 n.3, shows that the OAG is singling out Amazon and why Amazon needs injunctive relief.  Even when that guidance was in effect, the

City's designated enforcer was the NYC Sheriff's Office, yet the OAG ignores that Office's contemporaneous, firsthand, and independent findings of Amazon's "above and beyond" compliance. Relatedly, the OAG's arguments in *Quirk* were not directed to mere pleading deficiencies, as the OAG now suggests. *Id.* at 6. Rather, the OAG made a full-throated defense of the State's adequate, but more limited, COVID-19 response, and even argued that the issues fell under the "sole responsibility" of the U.S. Secretary of Labor. Ex. 2, at 17. At every turn, the OAG is advocating for holding Amazon to a different standard. This is exactly the type of situation that warrants federal injunctive relief against recalcitrant state actors.

Similarly, in arguing for *Wilton* abstention, the OAG argues that Amazon "is unable to establish any material difference between the declaratory relief and injunction sought here and dismissal of the State Action," Reply 8, but the difference is obvious. Mere dismissal of the OAG's claims will leave the OAG free to continue to investigate, regulate, and harass Amazon over these same federal issues. A federal declaration and injunction will not.

## II. Amazon States A Claim For Relief

**Garmon *Preemption*.** The OAG confirms that its primary response to *Garmon* is the "local interest" exception, but by definition the pandemic is not a purely local concern. Instead, as the OAG argued to another federal court, COVID-19 is a "common threat to New York, the nation, and the world." Ex. 3, at 6. If anything, its scope makes the argument for federal preemption *stronger*, not weaker. The OAG cites no case applying the "local interest" exception in remotely analogous circumstances; on the contrary, in the small number of cases in which it has been recognized, it ordinarily applies to highly localized civil unrest and "violence." *K.D. Hercules, Inc. v. Laborers Int'l Union of N. Am.*, 2021 WL 1614369, at *4 (S.D.N.Y. Apr. 26, 2021).

The OAG never disputes that the NLRA prohibits retaliation and provides remedies for retaliatory discharge. Nor could it; the NLRB is adjudicating an identical retaliation claim brought by a former Amazon associate who participated in the same protests as Mr. Palmer and Mr. Smalls. That is sufficient to distinguish the OAG's cases applying the local interest exception for conduct not clearly protected by the NLRA. If *Garmon* preemption does not apply here, it applies nowhere.

The OAG tries to distinguish its retaliation claims by what they seek to accomplish, Reply 15, but the OAG's ostensible objectives do not alter the fact that it seeks to regulate exactly the same primary conduct that the NLRB is now adjudicating. Indeed, the OAG is even seeking discovery about Mr. Bryson and the pending NLRB action. Ex. 4 (Request Nos. 15-16). This creates a distinct risk that conduct found to be non-retaliatory by a federal regulator vested with "exclusive jurisdiction" could be simultaneously found retaliatory by a state regulator. That risk is why Congress required states to "yield" to the NLRB even in "arguabl[e]" cases. *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959). It therefore does not help the OAG that the "critical inquiry" is "whether the controversy presented to the state court is identical to (as in *Garner*) or different from (as in *Farmer*) that which could have been, but was not, presented to the Labor Board." *Sears, Roebuck & Co. v. San Diego Cty. Dist. Council of Carpenters*, 436 U.S. 180, 197 (1980). The controversy here is identical.

***OSH Act Preemption.*** Amazon has shown that OSHA is actively enforcing several federal standards that preempt the OAG's regulation of Amazon's COVID-19 response. Opp. 21. These standards, which require common COVID-19 safety precautions (*e.g.*, sanitizing workplaces, wearing PPE, and recording instances of illness) are just as "detailed" (Reply 9) as the federal standards that preempted state law in *Gade v. National Solid Wastes Management Ass'n*, 505 U.S. 88 (1992). That these standards were not promulgated to address COVID-19 specifically is of no moment; OSHA has repeatedly stated that they apply to COVID-19 workplace safety. *E.g.*, Dkts. 33-31, 33-34.

Incredibly, the OAG argues that its attempt to regulate Amazon under Section 200 somehow qualifies as a tort action for "actual injury or death" because 50,000 New Yorkers have died of COVID-19. Viewed charitably, the OAG's argument is a *non sequitur*. The OAG is not bringing a wrongful death tort action against Amazon; it seeks to regulate Amazon prospectively pursuant to statute.

***OSHA Primary Jurisdiction.*** The OAG's opposition to OSHA's primary jurisdiction rests on the notion that OSHA is "focused on healthcare settings." Reply 10. That same argument about OSHA's supposed healthcare focus was pressed in *Palmer* and this Court rejected it. *See* Amicus Br. of Open Society Policy Ctr. *et al.* 10, *Palmer v. Amazon.com, Inc.*, No. 1:20-cv-2468 (E.D.N.Y. June 10, 2020), ECF No. 11-1. The OAG's only cited case addresses a scenario where the agency has "*no* interest in the subject matter of the litigation." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 761 (9th Cir. 2015) (emphasis added). The OAG is forced to admit that OSHA has brought COVID enforcement actions against non-healthcare employers—including for the same issues that the OAG seeks to regulate. Thus, there is no basis for the Court to speculate about how OSHA is allocating its resources.

The OAG quotes a remark from the state-court judge that New York courts hear "thousands" of Section 200 claims, and argues that this means the *OAG's* Section 200 claim is within the conventional experience of judges. Reply 11. But the judge noted that those claims are *not* seeking "to monitor certain conduct over a period of time or a course or a pattern of violations," as the OAG is, and instead are brought by "individuals" who "are hurt on the job site, the scaffolding fell, et cetera." Dkt. 38-2. That distinction confirms that the OAG is attempting to do something quite novel: enlist the courts as ongoing workplace-safety supervisors during the evolving COVID-19 pandemic. What is more, the OAG is attempting to do this for a workplace larger than 15 football fields without any direct or contemporaneous observation.[1] In contrast, OSHA has on-the-ground inspectors with expertise to perform this task. It is difficult to imagine a stronger case for deferring to the expert agency's primary jurisdiction.[2]

---

[1] The OAG misleadingly suggests that there are 5,000 employees at JFK8 at any given time, Reply 13, but a much smaller number of employees are typically present at the 855,000-square-foot facility.

[2] The OAG filed a copy of Judge Rakoff's recent opinion on its motion to remand. Dkt. 41. However, the OAG did not explain its relevance, and indeed it is not relevant to the issues before this Court. The opinion addresses only whether there is subject matter jurisdiction over the OAG's complaint against Amazon. It does not opine on the merits of Amazon's affirmative claims. Amazon disagrees with the ruling in several respects and will address those disagreements if and when they arise and become material to its dispute with the OAG. Nor is Judge Rakoff's opinion binding (or even persuasive), because it is not appealable. *See, e.g.*, *Johnson v. Watkins*, 101 F.3d 792, 795 (2d Cir. 1996).

Respectfully submitted,

 /s/ *Jason C. Schwartz*
Jason C. Schwartz (*Admitted pro hac vice*)
Lucas C. Townsend (*Admitted pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
jschwartz@gibsondunn.com
ltownsend@gibsondunn.com

Mylan L. Denerstein
Zainab N. Ahmad
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000
mdenerstein@gibsondunn.com
zahmad@gibsondunn.com