```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
AMAZON.COM, INC.,                                           :   **MEMORANDUM**
                                                            :   **DECISION AND ORDER**
                            Plaintiff,                      :
                                                            :   21-cv-767 (BMC)
            - against -                                     :
                                                            :
ATTORNEY GENERAL LETITIA JAMES, in                          :
her official capacity as the Attorney General of            :
the State of New York,                                      :
                                                            :
                            Defendant.                      :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff Amazon.com commenced this action for declaratory and injunctive relief. It contends that the New York Attorney General's attempts to subject Amazon to state oversight of certain activities are preempted by federal law. The Attorney General moved to dismiss the action for lack of subject matter jurisdiction and for failure to state a claim; Amazon moved for summary judgment. For the reasons explained below, the Attorney General's motion to dismiss is granted. In light of the Court's decision to grant the Attorney General's motion, there is no need to resolve Amazon's motion.

## BACKGROUND[1]

Amazon is an online retailer that operates a fulfillment center in Staten Island, New York. In 2020, Amazon terminated the employment of two associates at its Staten Island fulfilment center for violating Amazon's COVID-19-related health and safety rules and directives.

---

[1] Unless otherwise noted, the below facts are taken from plaintiff's amended complaint and are assumed to be true for purposes of this motion. See Kolbasyuk v. Capital Mgmt. Servs., LP, 918 F.3d 236, 239 (2d Cir. 2019).

Purportedly in response to Amazon's actions, the Attorney General launched an investigation of Amazon's COVID-19 response.

Sometime after the commencement of its investigation, the Attorney General threatened to sue Amazon if it did not immediately agree to a list of demands. In response to the Attorney General's threat, Amazon commenced this action to seek a declaration that the Attorney General lacks the authority to regulate (i) workplace safety responses to COVID-19 and (ii) claims of retaliation against workers who protest working conditions. Amazon contends that it is entitled to such a declaration because these two areas are preempted by federal law (namely, the Occupational Safety and Health Act and the National Labor Relations Act). Amazon also seeks an injunction against the Attorney General to prevent her from purporting to exercise regulatory authority over the same two areas, again on the grounds of federal preemption.

Four days after Amazon commenced this action, the Attorney General filed suit against Amazon in state court. See Complaint, People of the State of New York v. Amazon.com, Inc., Index No. 450362/2021, ECF No. 1 (N.Y. Sup. Ct. N.Y. Cty.). Amazon removed that case to the United States District Court for the Southern District of New York, but it was subsequently remanded back to state court. See People of the State New York v. Amazon.com, Inc., No. 21-cv-1417, 2021 WL 3140051 (S.D.N.Y. July 26, 2021).[2] The case is currently pending in state court.

---

[2] The Court may and does take judicial notice of this separate litigation between the parties only "to establish the fact of such litigation and related filings." Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998) (quoting Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992)).

2

# DISCUSSION

The Attorney General has moved to dismiss for lack of subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1)) and for failure to state a claim (Fed. R. Civ. P. 12(b)(6)). Amazon moves for summary judgment (Fed. R. Civ. P. 56). Because the Attorney General has raised a lack of subject matter jurisdiction, the Court begins its analysis there. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998) (describing the "requirement that jurisdiction be established" as a "threshold matter").

## I.    Subject Matter Jurisdiction

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it.'" Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l., 790 F.3d 411, 416-17 (2d Cir. 2015) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). "When deciding whether to grant a 12(b)(1) motion to dismiss, the court 'accepts as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff.'" Cayuga Indian Nation of New York v. Vill. of Union Springs, 293 F. Supp. 2d 183, 187 (N.D.N.Y. 2003) (quoting Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003)). The burden for establishing the existence of subject matter jurisdiction lies with the plaintiff asserting it, who must do so by a preponderance of the evidence. Makarova, 201 F.3d at 113.

"Under the well-pleaded complaint rule, federal subject matter jurisdiction typically exists only when the plaintiff's well-pleaded complaint raises issues of federal law." Montefiore Med. Ctr. v. Teamsters Loc. 272, 642 F.3d 321, 327 (2d Cir. 2011) (internal quotations omitted). Generally, "a complaint seeking a declaratory judgment is to be tested, for purposes of the well-pleaded complaint rule, as if the party whose adverse action the declaratory judgment plaintiff apprehends had initiated a lawsuit against the declaratory judgment plaintiff." Fleet Bank, Nat'l

3

Ass'n v. Burke, 160 F.3d 883, 886 (2d Cir 1998). In the instant case, the declaratory judgment plaintiff – Amazon – seeks a declaration that the Attorney General's actions are improper because they are preempted by federal law and fall within the jurisdiction of federal agencies. Reversing the positions of the parties (as is the case in the pending state action) would result in Amazon's federal preemption argument being raised as a defense to the Attorney General's state law claims. Such a case is not one in which federal subject matter jurisdiction exists. Montefiore Med. Ctr., 642 F.3d at 327 (the well-pleaded complaint rule is not satisfied "when federal preemption might be invoked as a defense to liability").[3]

However, in cases where the plaintiff seeks an injunction in addition to a declaratory judgment, federal subject matter jurisdiction may be found as long as the case does not require the interpretation of state law. Fleet Bank, 160 F.3d at 888-89 (citing Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96 n.14 (1983)). As the Second Circuit explained,

> the Supreme Court has consistently recognized federal jurisdiction over declaratory- and injunctive-relief actions to prohibit the enforcement of state or municipal orders alleged to violate federal law . . . . A party is not required to pursue "arguably illegal activity . . . or expose itself to criminal liability before bringing suit to challenge" a statute alleged to violate federal law.

Friends of the E. Hampton Airport, Inc. v. Town of E. Hampton, 841 F.3d 133, 144-45 (2d Cir. 2016) (quoting Knife Rights, Inc. v. Vance, 802 F.3d 377, 385 (2d Cir. 2015)) (holding that plaintiffs who were threatened with escalating fines and other sanctions under the local laws

---

[3] There is an exception to this rule involving complete preemption, but "[t]he Supreme Court has only found three statutes to have the requisite extraordinary preemptive force to support complete preemption." Sullivan v. Am. Airlines, Inc., 424 F.3d 267, 272 (2d Cir. 2005) (listing the three statutes: § 301 of the Labor–Management Relations Act (LMRA), 29 U.S.C. § 185; § 502(a) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a); and §§ 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85-86). The dispute between Amazon and the Attorney General does not involve any of these three statutes, so the complete preemption exception is not triggered in this case.

could invoke federal jurisdiction to enjoin enforcement on the ground that the laws were enacted in violation of a federal statute's procedural prerequisites).

Here, the Amended Complaint seeks a declaration regarding federal – not state – law. Specifically, the Amended Complaint "seeks a declaration that, as applied to the facts of this case, the state laws that the [Attorney General] seeks to enforce are preempted by federal law [namely, the Occupational Safety and Health Act and the National Labor Relations Act] and an injunction against the [Attorney General]'s ongoing misuse of those laws against Amazon." This requires an interpretation of federal law and whether it preempts state law; it does not require interpreting the meaning or scope of state law.

In briefing, the Attorney General focuses on paragraphs in the Amended Complaint that discuss her abilities under state law, but those paragraphs are immaterial as to the subject matter jurisdiction issue – they could be removed from the Amended Complaint without altering the relief sought or the relevant analysis for determining the existence of subject matter jurisdiction. In other words, although Amazon includes contentions about the Attorney General exceeding her authority under state law, its requested relief does not require interpreting state law to determine whether or not she actually is. Rather, the only question Amazon puts before the Court through its requested relief is whether state law (regardless of whether the Attorney General is acting in conformity with it or not) is preempted by federal law.

If, on the other hand, Amazon also sought an injunction on the ground that the Attorney General is acting outside the scope of her legal authority under state law (by, for example and as alleged, failing to first secure a finding from the state Labor Commissioner that a dangerous condition exists at Amazon's Staten Island facility), then Amazon would be raising a question of state law that would need to be resolved. For the reasons set forth in Fleet Bank, finding

jurisdiction in such a case would not be appropriate. See Fleet Bank, 160 F.3d at 891-92. Because Amazon does not seek such relief, though, jurisdiction obtains under Shaw.

## II. Abstention

The Attorney General argues next that even if the Court finds it has jurisdiction over the case, Younger abstention requires dismissal.

Generally, "federal courts are obliged to decide cases within the scope of federal jurisdiction." Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013). But there are exceptions to this rule, such as where a case would contravene the "longstanding public policy against federal court interference with state court proceedings," which is based on principles of federalism and comity. Younger v. Harris, 401 U.S. 37, 43-44 (1971). This exception, which has taken the form of the Younger abstention doctrine, applies in three "exceptional" categories: "ongoing state criminal prosecution," "certain civil enforcement proceedings," and "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." Disability Rights of New York v. New York, 916 F.3d 129, 133 (2d Cir. 2019) (quoting Sprint, 571 U.S. at 78).

In this case, it is the second category of cases – "certain civil enforcement proceedings" – that is applicable. "[A] civil enforcement action may warrant abstention when that action is 'akin to a criminal prosecution' in 'important respects.'" Helms Realty Corp. v. City of New York, 820 F. App'x 79, 80 (2d Cir. 2020) (quoting Sprint, 571 U.S. at 79).

> Specifically, abstention may be warranted when the civil enforcement action is "initiated to sanction the federal plaintiff . . . for some wrongful act;" when it features a "state actor" who "initiates the action;" when "[i]nvestigations are . . . involved;" and when the result of such investigations is frequently the "filing of a formal complaint or charges."

Id. at 80-81 (quoting Sprint, 571 U.S. at 79).

6

Here, there is a pending state action that was commenced by a state actor following an investigation. The purpose of the state action is also plainly to sanction Amazon. Thus, the Sprint test is satisfied.

Prior to the Supreme Court's decision in Sprint, courts evaluated whether to invoke Younger abstention by applying a three-part test that was set forth in Middlesex County Ethics Comm. v. Garden State Bar Association, 457 U.S. 423 (1982). The three criteria in the Middlesex test are: (i) there is a pending state proceeding, (ii) that implicates an important state interest, and (iii) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the plaintiff's federal constitutional claims. In Sprint, though, the Court made it clear that these three factors are *not* dispositive in deciding whether to apply Younger abstention; rather, they are "*additional* factors appropriately considered by the federal court before invoking Younger." Sprint, 571 U.S. at 81-82 (holding that "Younger extends to the three 'exceptional circumstances' . . . but no further"). Although neither the Supreme Court nor the Second Circuit has resolved how much weight the Middlesex factors should be given after Sprint, see Falco v. Justs. of the Matrimonial Parts of Sup. Ct. of Suffolk Cty., 805 F.3d 425, 427 (2d Cir. 2015), both Amazon and the Attorney General focus on these factors in their briefs, rather than on the Sprint test.

Even on these additional factors, however, abstention is still appropriate. First, it is undisputed that there is an ongoing state proceeding. Second, with respect to whether an "important state interest" exists, Amazon contends that it does not because New York "has no legally cognizable interest" in resolving issues "that are governed exclusively by federal law and are within the jurisdiction of federal regulators." But the test for whether an important state

7

interest exists does not turn on whether a specific state activity may be preempted by federal law. Rather,

> [a] state interest is important . . . where exercise of the federal judicial power would disregard the comity between the States and the National Government. Resolution of that question turns on whether the state action concerns the central sovereign functions of state government. Significantly, however, the Court of Appeals has cautioned that a court must not look narrowly to [the State's] interest in the outcome of the particular case, but rather look to the importance of the generic proceedings to the State. Further, in order to ascertain the generic proceeding involved in the action brought by the state, a court cannot focus solely or chiefly upon the style of the state's pleading, such as the particular causes of action pleaded or statutes invoked. Instead, it must consider the underlying nature of the state proceeding on which the federal lawsuit would impinge.

In re Standard & Poor's Rating Agency Litig., 23 F. Supp. 3d 378, 409-10 (S.D.N.Y. 2014) (internal quotation and citations omitted).[4]

Here, the Attorney General's state action seeks to enforce state labor laws and health and safety regulations, and to sanction an employer for allegedly illegal conduct that occurred within the state. In other words, the general nature of the Attorney General's state case is the enforcement of the state's laws, particularly those aimed at protecting the health and safety of its citizens. Such an action goes to a fundamental interest of the state as a sovereign. See Cuomo v. Dreamland Amusements, Inc., Nos. 08-cv-7100, 08-cv-6321, 2008 WL 4369270, *10 (S.D.N.Y. Sept. 22, 2008) (holding that Younger abstention was appropriate in an action seeking an injunction against state investigation of immigration law violations on the ground of preemption; explaining that a "state's interest in enforcing its own laws and investigating their violation cannot seriously be disputed. Moreover, the State of New York has an important interest in

---

[4] Amazon suggests that the Court apply the "facially conclusive" or "readily apparent" exception to the Younger abstention doctrine. This exception, which exists in other Circuits but has never been adopted by the Second Circuit, permits a court to exercise jurisdiction over a case that otherwise calls for abstention where preemption of the state law issues is "readily apparent." See HSBC Bank USA, N.A. v. N.Y. City Comm'n on Human Rts., 673 F. Supp. 2d 210, 215 (S.D.N.Y. 2009). Given the importance of comity and the longstanding public policy against federal court interference with state court proceedings that underlies Younger, this Court declines to adopt a new exception to the doctrine absent a clear holding from the Supreme Court or the Second Circuit.

assuring safe, sanitary, and non-discriminatory working conditions for workers in the State."); Chertock v. Cuomo, No. 07-cv-0077, 2007 WL 9710990, *2 (E.D.N.Y. Nov. 19, 2007) (holding Younger abstention was appropriate in an action seeking to enjoin enforcement of a judgment by the state; finding state interest requirement satisfied because "[s]tates have a palpable and significant interest in investigating and securing recovery for illegal conduct. States also have a substantial interest in investigating and prosecuting violations of their state laws.").

Third, the state forum provides an adequate opportunity for review of Amazon's federal claims: indeed, Amazon has already asserted its preemption arguments in its motion to dismiss the state proceeding. Amazon contends that the New York state court "is unlikely to afford Amazon the declaratory and injunctive relief it seeks" because "[i]f the state court dismisses the [Attorney General]'s complaint based on Amazon's federal constitutional arguments, judgment will be entered without any opportunity for Amazon to secure the necessary declaratory and injunctive relief against the [Attorney General]'s ongoing refusal to abide by federal law." The problem with this argument is that Amazon fails to explain why it cannot seek the injunctive relief it says is necessary through a counterclaim in the existing state court proceeding. Therefore, even considering the non-dispositive Middlesex factors, abstention is still appropriate.

There are two exceptions to the Younger abstention doctrine that may lead a court to exercise jurisdiction over a case even if the Sprint test is met. The first exception is for a case involving "extraordinary circumstances" that "render the state court incapable of fairly and fully adjudicating the federal issues before it." Jordan v. Bailey, 570 F. App'x 42, 44 (2d Cir. 2014). "[S]uch circumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief." Id. (quoting Diamond "D" Const. Corp. v. McGowan, 282 F.3d 191, 201 (2d Cir. 2002)). The facts of the instant case do not present the

9

extraordinary circumstances required for this exception, and Amazon does not contend otherwise.

The second exception, and the one that Amazon argues should apply, is where the state actor that commenced the state action did so in bad faith. However, this exception is very narrow. A "federal plaintiff seeking to establish that the bad faith exception to Younger applies must show that 'the party bringing the state action [has] no reasonable expectation of obtaining a favorable outcome.'" Jackson Hewitt Tax Serv. Inc. v. Kirkland, 455 F. App'x 16, 18 (2d Cir. 2012) (quoting Cullen v. Fliegner, 18 F.3d 96, 103 (2d Cir. 1994)). "[A] state proceeding that is legitimate in its purposes, but unconstitutional in its execution – even when the violations of constitutional rights are egregious – will not warrant the application of the bad faith exception." Schorr v. DoPico, 686 F. App'x 34, 37 (2d Cir. 2017) (quoting Diamond "D" Constr. Corp., 282 F.3d at 199). "[I]t is only when the state proceeding is brought with no legitimate purpose that th[e] state interest in correcting its own mistakes dissipates, and along with it, the compelling need for federal deference." Diamond "D" Constr. Corp., 282 F.3d at 200.

Here, Amazon argues that the Attorney General is acting in bad faith, but does not convincingly explain why she has no "reasonable expectation of obtaining a favorable outcome." Amazon's contention that federal law preempts the Attorney General's ability to bring New York Labor Law claims is not as clear-cut as Amazon says it is: neither the Occupational Safety and Health Act nor the National Labor Relations Act are among the short list of federal statutes recognized as having complete preemption over state law. See Sullivan, 424 F.3d at 272; see also Amazon.com, Inc., 2021 WL 3140051, at *6 (explaining that "[t]he Occupational Safety and Health Act (OSHA), on which Amazon here relies, has not joined the ranks of the LMRA, ERISA, and the National Bank Act for [purposes of complete preemption] . . . OSHA does not

preempt claims under New York Labor Law § 200 even defensively"). Moreover, Amazon does not explain why the Attorney General's action – even if brought in bad faith – entirely lacks a legitimate purpose. As noted above, the state has a legitimate interest in ensuring that employers are complying with state labor laws, are enforcing important health safety measures, and are sanctioned for illegal conduct that occurs within the state.[5] Thus, the bad faith exception to the Younger abstention doctrine is not appropriate in this case.

## CONCLUSION

In light of the above analysis, although the Court does have subject matter jurisdiction, it will abstain from exercising that jurisdiction under Younger. The Court therefore grants the Attorney General's motion to dismiss [Dkt. No. 31]. There is no need to resolve Amazon's motion for summary judgment [Dkt No. 33] in light of the Court's abstention.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       August 10, 2021

---

[5] That the Court finds that New York has a compelling state interest in these matters for purposes of the Younger analysis, and that the Occupational Safety and Health Act and the National Labor Relations Act do not completely preempt state law, should not be taken as an evaluation of the merits of the Attorney General's actions under state law, or of what relief Amazon is or could be entitled to. In accordance with Younger and its progeny, it is appropriate to permit the state court to answer those questions – including whether the Attorney General is acting beyond the scope of her authority – in the first instance.